Williams v. Wyant.

## APPEALS—RECEIVERS.

[Knox (5th) Circuit Court, October 12, 1906.]

Taggart and Donahue, JJ.

(McCarty, J., not sitting.)

## H. F. WILLIAMS v. C. N. WYANT.

APPOINTMENT OF RECEIVER HELD NOT TO DETERMINE ULTIMATE RIGHTS FROM WHICH.
APPEAL WILL LIE.

An order of the common pleas court appointing a receiver is not one determining ultimate rights, and is not such a final order as will give a court jurisdiction on appeal, even though regularly made and all the · forms of law observed in perfecting the appeal.

[For other cases in point, see 7 Cyc. Dig., "Receivers," §§ 112-128.—Ed.]

[Syllabus by the court.]

**Herrlinger & Southworth** and **F. V. Owen,** for plaintiff.
**Waight & Moore,** for defendant.

TAGGART, J.

This case was submitted on a motion to dismiss the appeal. The· ground of the motion is that the order of the court of common pleas· appointing the receiver, and the order appealed from herein is not such an order as can be reviewed by appeal in the circuit court, and because this court has no jurisdiction on appeal. It is contended on behalf of the plaintiff that an appeal will not lie from an order appointing a receiver in an action pending in the court of common pleas, where no other or different order is made in the case; that an ·order appointing a receiver· alone is not such a final order as will give the court jurisdiction by appeal even though regularly made, and all the forms of law are observed in perfecting that appeal. An examination of the statutes governing appeals and proceedings in error is therefore necessary, for while a party may be entitled to prosecute error from a final order affecting· a substantial right of a party made in the case, yet an appeal may not. be sustained even though error would lie. Revised Statutes 5226 (Lan. 8735), or so much thereof as is necessary for an understanding of this matter, is as follows:

"In addition to the cases and matters specifically provided for, an appeal may be taken to the circuit court by a party or other person directly affected, from a judgment or final order in a civil action rendered by the common pleas court."

Revised Statutes 6709 (Lan. 10300):

"A judgment rendered, or final order made by any court of com-·

mon pleas, or a judge thereof, may be reversed, vacated or modified by the circuit court.''

Revised Statutes 6707 (Lan. 10297):

''An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, * * * is a final order which may be vacated, modified, or reversed, as provided in this title.''

It will be observed that the definition of a final order under Rev. Stat. 5226 (Lan. 8735) is different from a final order as defined by Rev. Stat. 6707 and 6709 (Lan. 10297, 10300). The latter by express provision of the statute being enlarged over the provisions of Rev. Stat. 5226 (Lan. 8735). That this is the case, we beg to call attention to the case of *Eaton & H. Ry.* v. *Varnum*, 10 Ohio St. 622, the syllabus of which is as follows:

''An order appointing a receiver to receive the revenues, etc., of a railroad, and bring the same into court, subject to its order, etc., and without any application of the funds except to certain costs accrued, is not a final order from which an appeal can be taken to the district court.''

We now call attention to the case of *Cincinnati, S. & C. Ry.* v. *Sloan*, 31 Ohio St. 1:

''Proceedings in relation to the appointment and removal of receivers are special proceedings, under section 512 of the code; and an order affecting a substantial right made in such proceeding, is a final order within the meaning of said section.''

And the court, on page 9, says:

''The claim of counsel for defendant in error, that no order is final within the meaning of section 572 of the code, and reviewable on error, that is not appealable from the court of common pleas to the district court, is without foundation. Hence the case cited of *Eaton & H. Ry.* v. *Varnum*, 10 Ohio St. 622, is not relevant to the question under consideration. That case merely decides that an order appointing a receiver is not a final order from which an appeal can be taken to the district court.''

And on page 10:

''If the order,'' in speaking about a final order which may be vacated, modified, or reversed, ''affects a *substantial right*, and is made in a special proceeding, it is final within the meaning of the section, and may be reviewed for *errors of law* appearing on the record.''

But this, as we take it, is to review by a proceeding in error, and

Williams v. Wyant.

this is the question the court was discussing as is seen by page 8, where they proceed to say that the question before the court is whether the order so made is reviewable or not on error.

Again, the right to appeal is governed by express statute, and unless the statute expressly authorizes the appeal it will not lie. See *Atwood* v. *Whipple,* 48 Ohio St. 308 [28 N. E. Rep. 674]; *Browne* v. *Wallace,* 66 Ohio St. 57 [63 N. E. Rep. 588].

Our courts in defining a final order have used this language:

"It is said that if it be admitted that an order is not appealable unless it is in its nature final, still the decision in question is such a final order, as it determines and disposes of the whole merits of a branch of the case which is separate and distinct from the other parts of the case."

And that is the definition given of a final order in *Teaff* v. *Hewitt,* 1 Ohio St. 511, 520 [59 Am. Dec. 634]. In the case of *Jay* v. *Squire,* 5 Dec. 318 (7 N. P. 345), it is decided:

"The action of a court or judge in granting a receivership does not determine the ultimate rights of the parties, or even affect them, except so far as it preserves and retains control of the property to answer to the rights of the parties as they may be finally determined."

Our attention is called to the authority of Alderson, Receivers Sec. 90, but we think that this authority does not change the principle that underlies this matter, or is decisive of this motion.

The motion is sustained and the appeal is dismissed, but as this holding of the court is to the effect that this court did not obtain jurisdiction in this matter by this appeal, no judgment for costs is rendered. Exceptions noted.

**Donahue, J.,** concurs.